William S. Massey (WM8608)
Amelia K. Tuminaro (AT3490)
GLADSTEIN, REIF & MEGINNISS, LLP
817 Broadway, 6th Floor
New York, New York 10003
(212) 228-7727

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
-------------------------------------------------------------X

ANU UPADHYAY,                                        **JURY TRIAL DEMANDED**

                    **Plaintiff,**

        - versus -                                   **10 Civ. 8462 (NRB)(FM)**

**NEERAJ SETHI, RONICA SETHI,**
**SHIKHA SETHI, and GANESH RAJ,**

                    **Defendants.**                  **FIRST AMENDED COMPLAINT**
-------------------------------------------------------------X

### PRELIMINARY STATEMENT

        Plaintiff, by her undersigned attorneys, hereby complains of defendants as

follows:

        1.        This is an action for monetary relief to redress violations of the Fair Labor

Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. §§ 201 *et seq*., Articles 6 and 19 of the

New York Labor Law ("N.Y. Labor Law"), the New Jersey Wage and Hour Law, N.J.S.A. §

34:11-56a *et seq*., the North Carolina Wage and Hour Act, N.C. Gen. Stat. §95-25.1 *et seq*.,

regulations promulgated under one or more of the foregoing laws, and violations of plaintiff's

rights arising from defendants' breaches of contracts with plaintiff.  Said violations arose from,

*inter alia*, (a) defendants' failures to pay plaintiff wages at or above minimum wage rates

established by law;  (b) defendants' failures to pay plaintiff overtime compensation at one and

one-half times her regular rate of pay for time worked each week in excess of the maximum

hours established by law;  (c) defendants' failures to pay to plaintiff one hour's pay at the basic

minimum hourly wage rate, in addition to wages otherwise due to plaintiff, for each day of work

in New York in which plaintiff's spread of hours exceeded ten hours;  (d) defendants' breaches

of written and oral contracts of employment with plaintiff;  and (e) defendants' failures to pay

plaintiff the full amount of wages due her with the frequency required by law.

2.     Plaintiffs' causes of action arise under FLSA Section 16(b), 29 U.S.C. § 216(b),

N.Y. Labor Law §§ 663 and 198(1-a), N.J.S.A. §§ 34:11-56a25 and 34:11-66 and N.C. Gen.

Stat. §§ 95-25.22.

## JURISDICTION AND VENUE

3.     This Court has jurisdiction of plaintiff's federal causes of action pursuant to 29

U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337.  The Court has supplemental jurisdiction of

plaintiffs' state law causes of action pursuant to 28 U.S.C. § 1367 because said claims are so

related to the FLSA claims that they form part of the same case or controversy under Article III

of the U.S. Constitution.  The Court also has jurisdiction of the federal and state law causes of

action pursuant to 28 U.S.C. § 1332.

4.     Venue lies in this District because a substantial part of the events and omissions

giving rise to plaintiff's claims occurred in this District.

5.     Plaintiff demands a trial by jury of all issues triable as of right by a jury.

## PARTIES

6.     Plaintiff ANU UPADHYAY ("plaintiff" or "Ms. Upadhyay") is currently a

resident of the State of New York.  She worked for defendants as a live-in nanny, housekeeper,

cook, and masseuse during various periods specified herein from approximately December 1998

until April 2009.  Plaintiff cannot speak English, and cannot read or write in any language.

Plaintiff was born in India, and had no formal education.  She was orphaned as an infant, when

both of her parents were killed in a cycling accident with a truck.  Plaintiff was an employee

within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), N.Y. Labor Law §§ 651(5)

and 190(2), 12 NYCRR § 142-2.14(a), N.J.S.A. §§ 34:11-56a1(h) and 34:11-57, N.J.A.C. §

12:56-2.1, and N.C. Gen. Stat. § 95-25.2(4).  Plaintiff was employed and suffered or permitted to

work by defendants within the meaning of Section 3(g) of the FLSA, 29 U.S.C. § 203(g), N.Y.

Labor Law §§ 651(5) and 2(7), 12 NYCRR § 142-2.14(a), N.J.S.A. §§ 34:11-56a1(f) and 34:11-

57, N.J.A.C. § 12:56-2.1 and N.C. Gen. Stat § 95-25.2(3).  Plaintiff engaged in commerce within

the meaning of Sections 6 and 7 of the FLSA, 29 U.S.C. §§ 206 and 207.

      7.     Defendants NEERAJ SETHI and RONICA SETHI (sometimes hereafter "the

Sethis") are currently residents of the State of New Jersey.  They are and were at all times

relevant hereto married to each other.  At the time plaintiff's employment by them began in or

about December 1998, the Sethis were living in New York.  Plaintiff was employed by the Sethis

in New York from in or about December 1998, until in or about June 2003, when the Sethis

moved to New Jersey.  Plaintiff was employed by the Sethis in New Jersey from approximately

June 2003, until fall of 2003, and again from July 2004 until April 2009.

      8.     Defendants SHIKHA SETHI ("Shikha Sethi") and GANESH RAJ ("Raj") are

currently residents of the State of New Texas.  They are and were at all times relevant hereto

married to each other.  Shikha Sethi and defendant Neeraj Sethi are cousins.  Shikha Sethi and

Raj were residents of the State of North Carolina when the Sethis sent plaintiff to work in the

residence of Shikha Sethi and Raj in or about the fall of 2003.  Plaintiff worked for the Sethis

and for Shikha Sethi and Raj in said residence until 2004.  In or about 2004, Shikha Sethi and

Raj moved (with plaintiff) to New York, where they lived until approximately July 2007. Plaintiff was employed by defendants in the New York residence of Shikha Sethi and Raj from her arrival back in New York until approximately July 2007.

9.     All defendants were employers within the meaning of Section 3(d) of the FLSA, 29 U.S.C. §203(d), N.Y. Labor Law §§ 651(6) and 190(3), 12 NYCRR § 142-2.14(a), N.J.S.A. §§ 34:11-56a1(g) and 34:11-57, N.J.A.C. § 12:56-2.1 and N.C. Gen. Stat. § 95-25.2(5).

## STATEMENT OF FACTS

**Period I:  December 1998 - June 2003 (Employment of plaintiff by Neeraj and Ronica Sethi in New York)**

10.     Defendants Neeraj Sethi and Ronica Sethi employed and permitted and suffered plaintiff to work in their household in New York City beginning in December 1998 and continuing until approximately June 2003 ("Period I").

11.     Ms. Upadhyay's domestic responsibilities during this time included, but were not limited to, cleaning, laundry, ironing, vacuuming floors, washing dishes, cooking, serving, and general housekeeping and child care.

12.     Ms. Upadhyay's childcare responsibilities included, but were not limited to, caring for the Sethis' children throughout the day, feeding and preparing meals for the children, taking the children to the park and to play dates, and caring for the children when they awakened during the night.

13.     In addition to Ms. Upadhyay's domestic and childcare responsibilities, plaintiff was regularly required to perform massage therapy on Neeraj Sethi several times each week and also on relatives of the Sethis who visited their household.

14.     From approximately December 1998 until June 2003, Ms. Upadhyay regularly worked seven days per week for Neeraj and Ronica Sethi.

15.     During the period of December 1998 until June 2003, Ms. Upadhyay regularly worked in excess of seventy-five hours per week for Neeraj and Ronica Sethi.  In addition, Ms. Upadhyay also worked for approximately one to three hours on average in the middle of the night depending on when said defendants' children awoke.

16.     Approximately once or twice per month during the period of December 1998 until June 2003, Neeraj and Ronica Sethi would have lunch or dinner parties.  For dinner parties, Ms. Upadhyay would work until approximately 1 a.m. cooking and serving meals to guests and cleaning up after the party.

17.     Ms. Upadhyay usually worked through breakfast and lunch without a break to eat. Often Ms. Upadhyay would also work during dinner, feeding and caring for the children, and putting them to bed.  Ms. Upadhyay was on call continually throughout the day, attending to the children, serving food and refreshments, and cleaning up the Sethis' home.

18.     When Ms. Upadhyay first came to work for the Sethis in December 1998, Shiv Sethi, their son and oldest child, was only a few days old.  Approximately once per week, Ms. Upadhyay would have to feed and care for Shiv during the night time hours.

19.     Approximately four months after Ms. Upadhyay began working for the Sethis in December 1998, Neeraj and Ronica Sethi and Ms. Upadhyay entered into an oral agreement that, in consideration for the work being performed by plaintiff, Neeraj and Ronica Sethi would pay to plaintiff each month the sum of $1,000.  When the Sethis' son, Shiv, reached six months of age, the Sethis and Ms. Upadhyay entered into an oral agreement that, in consideration for the work

being performed by Ms. Upadhyay, said defendants would pay to plaintiff each month the sum of $1,200.  Plaintiff relied upon said agreements and promises.

20.     Approximately one year after plaintiff had been working for the Sethis, their daughter, Priya, was born.  At that time, Ms. Upadhyay was given responsibility for feeding and caring for Priya throughout the day, and Ms. Upadhyay was also given primary responsibility for caring for Priya almost every night when she would awaken.  As a result, Ms. Upadhyay's sleep was interrupted on a regular basis.

21.     When Priya was born, the Sethis and plaintiff entered into an oral agreement that, in consideration for the work being performed by plaintiff, said defendants would pay to plaintiff each month the sum of $1,400.  Plaintiff relied upon said agreements and promises.

22.     On or about April 1, 2001, the Sethis and plaintiff entered into a written agreement effective on that date that, in consideration for the work being performed by plaintiff, (a) the Sethis would pay plaintiff at the rate of $12.67 per hour for forty-four (44) hours per week, for a total of $557.48, plus $19.00 per week for each hour worked in excess of forty-four (44) hours per week and (b) the Sethis would provide plaintiff with free room and board, including "[a] private room and all the necessary conveniences." Plaintiff relied upon said agreements and promises.

23.     The Sethis promised plaintiff that they were depositing her wages into a bank account for plaintiff.

24.     Upon information and belief, Ronica Sethi opened a "joint" bank account at Sovereign Bank for this purpose.  Both Ronica Sethi and plaintiff were signatories on the account, but defendants Neeraj and Ronica Sethi maintained exclusive control over the account.

Plaintiff was not given the account number, an ATM card, deposit/withdrawal slips, account statements, or any information or instructions regarding how to access the funds in the account.

**Period II:  2003 (Employment of plaintiff by Neeraj and Ronica Sethi in New Jersey)**

25.     In or about June 2003, Neeraj and Ronica Sethi bought a house in Princeton, New Jersey, and moved their household to Princeton, including Ms. Upadhyay.  Said defendants employed and permitted and suffered plaintiff to work in their household in New Jersey beginning in approximately June 2003 and continuing until the fall of 2003 ("Period II").  Ms. Upadhyay's responsibilities remained the same as they had been in New York, except that plaintiff had less responsibility for cleaning because the Sethis hired someone specifically to clean.

26.     During the period of approximately June 2003 to the fall of 2003, Ms. Upadhyay regularly worked in excess of seventy hours per week for the Sethis.

27.     Even though said defendants' house in New Jersey had an extra bedroom, defendants forced Ms. Upadhyay to sleep either on the living room floor or on the floor in Neeraj Sethi's office.

28.     Ms. Upadhyay's childcare responsibilities included, but were not limited to, caring for the Sethis' two children throughout the day, feeding and preparing meals for the family, and caring for the children if they awakened during the night.

29.     In addition to Ms. Upadhyay's domestic responsibilities, plaintiff was regularly required to perform massage therapy on Neeraj Sethi several times each week.

30.     Approximately once or twice per month during the period of June 2003 until the fall of 2003, the Sethis would have lunch or dinner parties.  For dinner parties, Ms. Upadhyay

would work until approximately 1 a.m. cooking and serving meals to guests and cleaning up after the dinner party.

**Period III: Fall 2003-June 2004 (Employment of plaintiff by Neeraj and Ronica Sethi and Shikha Sethi and Ganesh Raj in North Carolina)**

31.     After employing Ms. Upadhyay for several months in New Jersey, in the fall of 2003, Neeraj and Ronica Sethi sent Ms. Upadhyay to work in the household of Shikha Sethi and Raj in North Carolina.

32.     Neeraj and Ronica Sethi and Shikha Sethi and Raj employed and permitted and suffered plaintiff to work in the North Carolina household of Shikha Sethi and Raj beginning in approximately the fall of 2003 and continuing until approximately June 2004 ("Period III").

33.     Ms. Upadhyay's responsibilities during this time included, but were not limited to, cleaning, laundry, washing dishes, cooking, feeding and cleaning up after the children, general housekeeping and child care.

34.     Plaintiff's childcare responsibilities included, but were not limited to, caring for the two children of Shikha Sethi and Raj throughout the day, feeding and preparing meals for the family, and caring for the children when they awakened during the night.

35.     From approximately the fall of 2003 until June 2004, Ms. Upadhyay regularly worked seven days per week in the household of Shikha Sethi and Raj.

36.     From approximately the fall of 2003 until June 2004, Ms. Upadhyay regularly worked in excess of seventy-five hours per week.  In addition, plaintiff regularly worked during the nights caring for Shikha Sethi and Raj's children when the children awoke.

37.     Plaintiff usually worked through all meals, and was on call continually throughout the day, attending to the children, serving snacks and refreshments, and cleaning up after the family.

38.     When Ms. Upadhyay first came to work in the household of Shikha Sethi and Raj in the fall of 2003, Aditya, their son, was only one year old.  Said defendants also had a newborn daughter, Mina, who was approximately three weeks old.  Plaintiff's responsibilities included feeding and caring for the children throughout the day and night.  As a result, Ms. Upadhyay's sleep was interrupted on a regular basis.

39.     In consideration for plaintiff's work, Shikha Sethi and Raj promised to pay Ms. Upadhyay $1,400.00 per month, a wage rate that was arranged by Neeraj and Ronica Sethi while plaintiff was still working for the Sethis in New Jersey.

40.     On information and belief, during the period of time plaintiff was employed in North Carolina, monies ostensibly intended as wages for Ms. Upadhyay were paid by Shikha Sethi by checks made payable, and delivered, to Neeraj Sethi and Ronica Sethi in New Jersey, rather than paid to plaintiff.

41.     Neeraj and Ronica Sethi also kept Ms. Upadhyay's lawful permanent resident card in New Jersey.

**Period IV:  July 2004-July 2007 (Employment of plaintiff by the Sethis and Shikha Sethi and Ganesh Raj in New York and by the Sethis in New Jersey)**

42.     In or about July 2004, defendants Shikha Sethi and Raj moved their household, including plaintiff, to New York City.

43.     Neeraj and Ronica Sethi and Shikha Sethi and Raj employed and permitted and suffered plaintiff to work in the household of Shikha Sethi and Raj in New York beginning in approximately July 2004 and continuing until approximately July 2007 ("Period IV").

44.     Ms. Upadhyay's responsibilities during this time included, but were not limited to, cleaning up after the children, laundry, washing dishes, cooking, serving, and general housekeeping and child care.

45.     Ms. Upadhyay's childcare responsibilities included, but were not limited to, caring for these defendants' children throughout the day, feeding, bathing, clothing, and preparing meals for the children, and caring for the children if they awakened during the night.

46.     From approximately July 2004 until July 2007, Ms. Upadhyay regularly worked seven days per week in the household of Shikha Sethi and Raj.

47.     From approximately July 2004 until July 2007, Ms. Upadhyay regularly worked in excess of seventy hours per week in the household of Shikha Sethi and Raj.  In addition, Ms. Upadhyay regularly worked during the nights when Shikha Sethi and Raj's children awoke.

48.     Ms. Upadhyay usually worked through meals, and was on call continually throughout the day, attending to the children, serving snacks and refreshments, and cleaning up after the family.

49.     During this time, Ms. Upadhyay was required to sleep in the living room.

50.     Plaintiff's sleep was interrupted on a regular basis as a result of her responsibility to feed and care for the children during the night.

51.     Shikha Sethi continued delivering monies which ostensibly were intended as plaintiff's wages to Neeraj and Ronica Sethi and not to plaintiff.

52.     In or about January 2006, Ronica Sethi created a new bank account at Chase Bank exclusively in Ronica Sethi's name, and withdrew all monies remaining from the "joint" bank account she maintained at Sovereign Bank and deposited those funds into the newly created account at Chase Bank.

53.     In or about May 2006, plaintiff's name was added as a signatory on the new Chase bank account.  However, plaintiff was not given the account number, an ATM card, deposit/withdrawal slips, account statements, or any information or instructions regarding how to access the funds in the account.  The account statements were mailed to defendants Neeraj and Ronica Sethi in New Jersey, even though plaintiff was living with Shikha Sethi and Raj in New York City.

54.     From July 2004 to July 2007, approximately one weekend per month, Ms. Upadhyay would travel from New York to New Jersey by train to work for and in the household of Neeraj and Ronica Sethi, primarily cooking and serving meals and cleaning dishes but also caring for the Sethis' children and performing massage therapy on Neeraj and Ronica Sethi. Plaintiff normally worked from her arrival on Saturday at approximately 10 a.m. until 12 midnight.  On Sunday, Ms. Upadhyay worked from approximately 7 a.m. until 5 p.m. when she would return to New York.

55.     Ronica and Neeraj Sethi paid Ms. Upadhyay in cash a total of $50.00 for her weekend work, except that if Ms. Upadhyay cooked for a dinner party at said defendants' house, she would be paid a total of $100.00 for both days work.

**Period V:  September 2007 – April 2009 (Employment of plaintiff by Neeraj & Ronica Sethi in New Jersey)**

56.     In or about July 2007, defendants Shikha Sethi and Raj moved to Texas.  Ms. Upadhyay visited her family in India and returned to the United States in September, 2007.

57.     When Ms. Upadhyay returned, she lived in New York City.  She began again working one weekend per month for Neeraj and Ronica Sethi at their household in Princeton, New Jersey.  Ms. Upadhyay worked for the Sethis from approximately September 27, 2007 until April 20, 2008, and then again from May 18, 2008 to April 2009.

58.     Ms. Upadhyay's responsibilities during this time primarily involved cooking, serving meals and cleaning dishes.  She also cared for the Sethis' children.  Plaintiff would normally work from her arrival on Saturday at approximately 10 a.m. until 12 midnight.  On Sunday, Ms. Upadhyay would normally work from approximately 7 a.m. until 5 p.m., when she would return to New York.

59.     Ronica and Neeraj would pay Ms. Upadhyay in cash a total of $50.00 for her work on the weekend, except that if plaintiff cooked for a dinner party at said defendants' house, she would be paid a total of $100.00 for the weekend.

60.     Throughout the entire time Ms. Upadhyay worked for the Sethis and/or for Shikha Sethi and Ganesh Raj between 1998 and 2009, defendants failed to notify plaintiff of her rights under the minimum wage and overtime compensation provisions of the FLSA, New York law, New Jersey law and/or North Carolina law, as required by law and/or her rights under the North Carolina law of employment contracts.  At no time during the above-referenced periods (Periods I-V), did any of said defendants post notices regarding an employee's entitlement to minimum wages, overtime compensation and/or promised wages, which posting is required by law.

61.     Although Ms. Upadhyay received some wages from defendants, she did not receive the majority of wages due for her work in Periods I, II or III above, or for work in Period IV performed in New York, until approximately 2008.  It was not until sometime after 2008 that plaintiff learned defendants had failed to pay her several years' worth of wages.

## FIRST CAUSE OF ACTION (FLSA MINIMUM WAGE)

62.     Plaintiff repeats and incorporates herein Paragraphs 1-57 above.

63.     Section 6(a)(1) of the FLSA, as amended, 29 U.S.C. § 206(a)(1), required an employer to pay an employee (a) wages at not less than $5.15 per hour for work performed on or after September 1, 1997, (b) wages at not less than $5.85 per hour for work performed on or after July 24, 2007, (c) wages at not less than $6.55 per hour for work performed on or after July 24, 2008, and (d) wages at not less than $7.25 per hour for work performed on or after July 24, 2009.

64.     For each of the above-mentioned time periods, Periods I-V, defendants failed to pay plaintiff at the applicable minimum wage rate required by the FLSA for the hours she worked.

65.     Defendants thereby failed to pay plaintiff wages in compliance with the foregoing minimum wage rates and violated 29 U.S.C. § 206(a)(1).

66.     Said violations were willful within the meaning of 29 U.S.C. §255(a).

## SECOND CAUSE OF ACTION (NEW YORK MINIMUM WAGE)

67.     Plaintiff repeats and incorporates herein Paragraphs 1-62 above.

68.     N.Y. Labor Law § 652(1) and Title 12 NYCRR § 142-2.1 required an employer to pay to each employee (a) wages at not less than $4.25 per hour for work performed in New York on or after April 1, 1991, (b) wages at not less than $5.15  per hour for work performed in New York on or after March 31, 2000, (c) wages at not less than $6.00 per hour for work performed in

New York on or after January 1, 2005, (d) wages at not less than $6.75 per hour for work performed in New York on or after January 1, 2006 and (e) wages at not less than $7.15 per hour, or at the applicable FLSA rate if greater, for work performed in New York on or after January 1, 2007.

69.     For Periods I and IV of the above-mentioned time periods, defendants Neeraj and Ronica Sethi failed to pay plaintiff at the applicable minimum wage rates required by New York law for the hours she worked in New York.

70.     For Period IV of the above-mentioned time periods, defendants Shikha Sethi and Raj failed to pay plaintiff at the applicable minimum wage rates required by New York law for the hours she worked in New York.

71.     Defendants thereby failed to pay plaintiff wages in compliance with the foregoing minimum wage rates and violated Labor Law § 652(1) and  Title 12 NYCRR § 142-2.1.

72.     Said violations were willful within the meaning of N.Y. Labor Law § 663(1).

## THIRD CAUSE OF ACTION (NEW JERSEY MINIMUM WAGE)

73.     Plaintiff repeats and incorporates herein Paragraphs 1-68 above.

74.     N.J.S.A. § 34:11-56a4 and N.J.A.C. § 12:56-3.1 required an employer to pay to each employee (a) wages at a rate not less than the applicable minimum hourly wage rate set by the Fair Labor Standards Act for work performed in New Jersey on or after January 2, 1999, (b) wages at a rate not less than $6.15 per hour for work performed in New Jersey on or after October 1, 2005 and (c) wages at a rate not less than $7.15 per hour for work performed in New Jersey on or after October 1, 2006.

75.     For Periods II, IV, and V of the above-mentioned time periods, defendants Neeraj and Ronica Sethi failed to pay plaintiff at the applicable minimum wage rates required by New Jersey law for the hours she worked in New Jersey.

76.     Defendants thereby failed to pay plaintiff wages in compliance with the foregoing minimum wage rates and violated N.J.S.A. § 34:11-56a4 and N.J.A.C. § 12:56-3.1.

### FOURTH CAUSE OF ACTION (FLSA OVERTIME COMPENSATION)

77.     Plaintiff repeats and incorporates herein Paragraphs 1-72 above.

78.     At all times relevant hereto, Section 7(a)(1) of the FLSA, as amended, 29 U.S.C. § 207(a)(1), required an employer to pay to each employee overtime compensation at the rate of one and one-half times the employee's regular rate of pay for each hour worked by that employee in a given week in excess of forty (40) hours.

79.     Throughout Periods I-IV of the above-mentioned time periods, plaintiff worked substantially more than forty (40) hours per week.  Nevertheless, throughout said employment, defendants Neeraj and Ronica Sethi and Shikha Sethi and Raj failed to pay to plaintiff any overtime compensation at one and one-half times plaintiff's regular rate of pay for hours she worked per week in excess of forty (40) hours.

80.     Defendants thereby violated 29 U.S.C. § 207(a)(1).

81.     Said violations were willful.

### FIFTH CAUSE OF ACTION (NEW YORK OVERTIME COMPENSATION)

82.     Plaintiff repeats and incorporates herein Paragraphs 1-77 above.

83.     At all times relevant hereto, 12 NYCRR § 142-2.2 required an employer to pay to a residential employee overtime compensation at the rate of one and one-half times the employee's regular rate of pay for each hour worked by that employee in New York in a given

week in excess of the regulatory maximum of forty-four (44) hours, except that if the employee

was exempt from the FLSA, the New York overtime compensation rate was one and one-half

times the minimum wage rate.

84.     Throughout Period I of the above-mentioned time periods, plaintiff worked more

than seventy-five hours per week in New York and was covered by the FLSA.  Nevertheless,

Neeraj and Ronica Sethi failed to pay to plaintiff any overtime compensation at one and one-half

times plaintiff's regular rate of pay for hours she worked per week in excess of forty-four (44)

hours.  Throughout Period IV, plaintiff worked more than seventy hours per week in New York.

Neeraj and Ronica Sethi and Shikha Sethi and Raj failed to pay to plaintiff any overtime

compensation at one and one-half times plaintiff's regular rate of pay for hours she worked per

week in excess of forty-four (44) hours.

85.     Defendants thereby violated § 142-2.2.

86.     Said violations were willful within the meaning of N.Y. Lab. Law § 663(1).

**SIXTH CAUSE OF ACTION (NEW JERSEY OVERTIME COMPENSATION)**

87.     Plaintiff repeats and incorporates herein Paragraphs 1-82 above.

88.     At all times relevant hereto, N.J.S.A. § 34:11-56a4 and N.J.A.C. § 12:56-6.1

required an employer to pay to each employee overtime compensation at the rate of one and one-

half times the employee's regular rate of pay for each hour worked by that employee in New

Jersey in a given week in excess of forty (40) hours.

89.     Throughout Period II of the above-mentioned time periods, plaintiff worked more

than forty (40) hours per week in New Jersey.  Nevertheless, throughout the period of said

employment, defendants Neeraj and Ronica Sethi failed to pay to plaintiff any overtime

compensation at one and one-half times plaintiff's regular rate of pay for hours she worked per week in excess of forty (40) hours.

90.     The Sethis thereby violated N.J.S.A. § 34:11-56a4 and N.J.A.C. § 12:56-6.1.

### SEVENTH CAUSE OF ACTION (NEW YORK SPREAD OF HOURS)

91.     Plaintiff repeats and incorporates herein Paragraphs 1-86 above.

92.     At all times during which plaintiff was employed in New York, 12 NYCRR § 142-2.4 required an employer to pay to each employee one hour's pay at the basic minimum hourly wage rate set forth in 12 NYCRR § 142-2.1, in addition to the minimum wages otherwise required, for each day of work in which that employee's spread of hours as defined by 12 NYCRR § 142-2.18 exceeded ten hours.

93.     Plaintiff's spread of hours as defined by § 142-2.18 exceeded ten hours for each weekday plaintiff worked for defendants during Period I and for each weekday plaintiff worked for defendants during Period IV.  Nevertheless, throughout each such period of plaintiff's employment in those periods, defendants consistently failed to pay to plaintiff one hour's pay at the basic minimum hourly wage rate set forth in § 142-2.1, in addition to the minimum wages otherwise required, for each day of work in which plaintiff's spread of hours as defined by § 142-2.18 exceeded ten hours.

94.     Defendants thereby violated § 142-2.4.

95.     Said violations were willful within the meaning of N.Y. Lab. Law § 663(1).

### EIGHTH CAUSE OF ACTION (BREACH OF ORAL CONTRACT BY NEERAJ AND RONICA SETHI)

96.     Plaintiff repeats and incorporates herein Paragraphs 1-91 above.

97.     Approximately four months after plaintiff began working for the Sethis in December 1998, said defendants and plaintiff entered into an oral agreement that, in

consideration for the work being performed by plaintiff, said defendants would pay to plaintiff each month the sum of $1,000. When the Sethis' son reached six months of age, the Sethis and plaintiff entered into an oral agreement that, in consideration for the work being performed by plaintiff, said defendants would pay to plaintiff each month the sum of $1,200. When the Sethis' second child was born, the Sethis and plaintiff entered into an oral agreement that, in consideration for the work being performed by plaintiff, said defendants would pay to plaintiff each month the sum of $1,400. Plaintiff relied upon said agreements and promises.

98.     Nevertheless, the Sethis (a) failed to pay to plaintiff each month the sum of $1,000 after she had worked for said defendants for four months, (b) failed to pay to plaintiff each month the sum of $1,200 after said defendants' son attained the age of six months and (c) failed to pay plaintiff each month the sum of $1,400 after said defendants' second child was born.

99.     Said defendants thereby violated their contracts of employment with plaintiff.

## NINTH CAUSE OF ACTION (BREACH OF WRITTEN CONTRACT BY NEERAJ AND RONICA SETHI)

100.    Plaintiff repeats and incorporates herein Paragraphs 1-95 above.

101.    On or about April 1, 2001, the Sethis and plaintiff entered into a written agreement effective on that date that , in consideration for the work being performed by plaintiff, (a) the Sethis would pay plaintiff at the rate of $12.67 per hour for forty-four (44) hours per week, for a total of $557.48, plus $19.00 per week for each hour worked in excess of forty-four (44) hours per week and (b) the Sethis would provide plaintiff with free room and board, including "[a] private room and all the necessary conveniences."

102.    Nevertheless, the Sethis failed to pay plaintiff at not less than $12.67 per hour for hours she worked up to forty-four (44) hours per week, failed to pay plaintiff not less than

$19.00 per hour for each hour she worked in excess of forty-four (44) hours per week, and failed to provide plaintiff with free room and board, including a private room with all the necessary conveniences.

103.     Said defendants thereby violated their written contract of employment until plaintiff.

## TENTH CAUSE OF ACTION (BREACH OF ORAL CONTRACT BY THE SETHIS AND SHIKHA SETHI AND RAJ)

104.     Plaintiff repeats and incorporates herein Paragraphs 1-99 above.

105.     At the time when plaintiff began to work in the household of defendants Shikha Sethi and Raj, all defendants and plaintiff entered into an oral agreement that, in consideration for the work to be performed in said household, defendants would pay to plaintiff each month the sum of $1,400.

106.     Nonetheless, defendants failed to pay to plaintiff each month the sum of $1,400 for the work performed by her in one or the other households of Shikha Sethi and Raj.

107.     Defendants thereby violated their oral contract of employment with plaintiff.

## ELEVENTH CAUSE OF ACTION (NEW YORK FREQUENCY OF PAYMENT)

108.     Plaintiff repeats and incorporates herein Paragraphs 1-103 above.

109.     N.Y. Labor Law 191(1)(d) required an employer to pay an employee all wages earned by the employee for work performed in New York not less frequently than semi-monthly on a regular pay day designated in advance by the employer.

110.     Defendants regularly and repeatedly failed to pay to plaintiff wages she earned for work performed in New York as an employee of defendants not less frequently than semi-monthly on a regular pay day designated in advance by defendants.

111.     Defendants thereby violated N.Y. Labor Law § 191(1)(d).

112.   Said violations were willful within the meaning of N.Y. Labor Law § 198(1-a).

**TWELFTH CAUSE OF ACTION (NEW JERSEY FREQUENCY OF PAYMENT)**

113.   Plaintiff repeats and incorporates herein Paragraphs 1-108 above.

114.   N.J.S.A. § 34:11-4.2 required an employer to pay to an employee the full amount due to the employee for work performed in New Jersey as a employee of the employer not less frequently than twice monthly on a regular pay day designated in advance by the employer, which pay day must be not more than 10 working days after the end of the pay period.

115.   Defendants regularly and repeatedly failed to pay plaintiff the full amount due to her for work performed in New Jersey as an employee of defendants not less frequently than twice monthly on a regular pay day designated in advance by defendants, which pay day was not more than 10 working days after the end of the pay period.

116.   Defendants thereby violated N.J.S.A. § 34:11-4.2.

**THIRTEENTH CAUSE OF ACTION (NORTH CAROLINA FREQUENCY OF PAYMENT)**

117.   Plaintiff repeats and incorporates herein paragraphs 1-112 above.

118.   N.C. Gen. Stat. § 95-25.6 required an employer to pay to an employee all wages accruing to the employee for work performed in North Carolina as an employee of the employer daily, weekly, bi-weekly, semi-monthly or monthly.  N.C. Gen. Stat. § 95-25.13 required an employer to notify an employee of his regular pay day at the time of hiring.

119.   Defendants regularly and repeatedly failed to pay plaintiff all wages accruing to her for work performed in North Carolina as an employee of defendants daily, weekly, bi-weekly, semi-monthly or monthly.  Defendants also failed to notify plaintiff at the time of her hiring (or thereafter) what her regular pay day would be.

120.   Defendants thereby violated N.C. Gen. Stat. §§ 95-25.6 and 95-25.13.

**FOURTEENTH CAUSE OF ACTION (FLSA FREQUENCY OF PAYMENT)**

121.    Plaintiff repeats and incorporates herein paragraphs 1-116 above.

122.    The FLSA requires that minimum wages and overtime compensation guaranteed by the FLSA and due to an employee shall be paid to the employee by his/her employer on the employee's regular pay day.

123.    Defendants regularly and repeatedly failed to pay to plaintiff on her regular pay day the minimum wages and overtime compensation due to her under the FLSA for work performed as an employee of defendants.

124.    Defendants thereby violated 29 U.S.C. §§ 206 and 207 and 29 C.F.R. §778.106.

125.    Said violations were willful within the meaning of 29 U.S.C. § 255(a).

**RELIEF**

WHEREFORE, plaintiff requests the following relief:

A.    A monetary judgment in favor of plaintiff and against defendants jointly and severally:

(1)    In the amounts of the minimum wages and/or overtime compensation which were due to plaintiff pursuant to 29 U.S.C. §§ 206(a)(1) and/or 207(a)(1) but which were not paid to her and additional equal amounts as liquidated damages pursuant to 29 U.S.C. § 260;

(2)    In the amounts of the minimum wages and/or overtime compensation which were due to plaintiff pursuant to N.Y. Labor Law § 652 and/or 12 NYCRR § 142-2.2 but which were not paid to her and additional amounts equal to 25% of the foregoing minimum wages and/or overtime compensation as liquidated damages pursuant to N.Y. Labor Law § 663(1);

(3)    In the amounts of the minimum wages and/or overtime compensation which were due to plaintiff pursuant to N.J.S.A. § 34:11-56a4 and/or N.J.A.C. §12:56-3.1 but which were not paid to her; and

(4)    In the amount of the spread-of-hour wages which were due to plaintiff pursuant to 12 NYCRR § 142-2.4 but which were not paid to her and an additional amount equal to 25% of the spread-of-hour wages as liquidated damages pursuant to N.Y. Labor Law § 663(1);

B.    A monetary judgment in favor of plaintiff and against defendants jointly and severally for damages compensating plaintiff for injuries to her resulting from defendants violations of the oral contracts of employment between defendants and plaintiff and the Sethis' violations of the written contract of employment between the Sethis and plaintiff;

C.    A monetary judgment in favor of plaintiff and against defendants jointly and severally compensating plaintiff for injuries to her resulting from:

(1)    Defendants' violations of their obligation to pay to plaintiff all wages earned by her for work performed in New York as an employee of defendants not less frequently than semi-monthly on a regular pay day designated in advance by defendants and an additional amount equal to 25% of said damages as liquidated damages pursuant to N.Y. Labor Law § 198(1-a);

(2)    Defendants violations of their obligation to pay to plaintiff the full amount due to her for work performed in New Jersey as an employee of defendants not less frequently than twice monthly on a regular pay day designated in advance by defendants, which pay day must be not more than 10 working days after the end of the pay period;

(3)    Defendants' violations of their obligation to pay to plaintiff all wages accruing to her for work performed in North Carolina as an employee of defendants daily,

weekly, bi-weekly, semi-monthly or monthly on her regular pay day designated by defendants at

the time of hiring and an additional equal amount as liquidated damages pursuant to N.C. Gen.

Stat. §95-25.22(a1); and

       (4)    Defendants' violations of their obligation to pay to plaintiff all minimum

wages and overtime compensation due to her pursuant to the FLSA on plaintiff's regular pay day

and an additional equal amount as liquidated damages pursuant to 29 U.S.C. §260;

D.     Prejudgment interest;

E.     Costs, disbursements and reasonable attorney's fees; and,

F.     Such other and further relief as may be just and proper.


Dated:  New York, New York
        April 18, 2011


GLADSTEIN, REIF & MEGINNISS, LLP

By: *Amelia K. Tuminaro*
    William Massey (WM8608)
    Amelia K. Tuminaro (AT3490)
817 Broadway, 6th Floor
New York, New York 10003
(212) 228-7727
wmassey@grmny.com
atuminaro@grmny.com
*Attorneys for Plaintiff*